UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HANNAH R. CAMPBELL, | Case No. 14-14455 |
| Plaintiff, | Sean F. Cox |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael J. Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION
CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 11, 13)**

I.   PROCEDURAL HISTORY

    A.   Proceedings in this Court

On November 21, 2014, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Sean F. Cox referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claims for child's insurance benefits. (Dkt. 2). This matter is before the Court on cross-motions for summary judgment. (Dkt. 11, 13). Plaintiff and defendant also filed a reply brief in support of their respective motions for summary judgment. (Dkt. 14, 15). These motions are now ready for report and recommendation.

    B.    <u>Administrative Proceedings</u>

Plaintiff filed the instant claim for child's insurance benefits on October 12, 2011, alleging disability beginning October 18, 2005. (Dkt. 9-2, Pg ID 57). Plaintiff's claims were initially denied by the Commissioner on January 18, 2012. *Id.* Plaintiff requested a hearing and on December 20, 2012 and April 23, 2013, plaintiff testified before Administrative Law Judge ("ALJ") Melvyn B. Kalt, who considered the case de novo. (Dkt. 9-2, Pg ID 68-99). In a decision dated June 4, 2013, the ALJ found that plaintiff was not disabled. (Dkt. 9-2, Pg ID 57-64). Plaintiff requested a review of this decision, and the ALJ's decision became the final decision of the Commissioner when the Appeals Council, on September 23, 2014, denied plaintiff's request for review. (Dkt. 9-2, Pg ID 34-39); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, that the findings of the Commissioner be **AFFIRMED**, and this matter be **DISMISSED**.

## II.    FACTUAL BACKGROUND

    A.    <u>ALJ Findings</u>

Plaintiff was born in 1995 and was not yet 22 years old on the alleged disability onset date. (Dkt. 9-2, Pg ID 59). The ALJ, citing 20 C.F.R.

§ 404.1520(a), applied the five-step disability analysis to plaintiff's claims and found at step one that plaintiff had not engaged in substantial gainful activity since October 18, 2005, the alleged on-set date. (Dkt. 9-2, Pg ID 58-59). At step two, the ALJ found that plaintiff had the following severe impairments: dyslexia, dyscalculia, and speech and language delays. (Dkt. 9-2, Pg ID 59). Plaintiff's obesity was deemed non-severe. *Id*. At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Dkt. 9-2, Pg ID 59-61).

The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels, but with the following nonexertional limitations:

> simple, unskilled tasks that do not involve reading or calculating; avoid hazards; work of others must not be dependent on plaintiff, but plaintiff must be near co-workers.

(Dkt. 9-2, Pg ID 61). At Step Four, the ALJ found that plaintiff had no past relevant work. (Dkt. 9-2, Pg ID 63). However, the ALJ determined that, considering plaintiff's age, education, experience, and RFC, there were jobs that exist in sufficient numbers that plaintiff could perform and therefore, plaintiff had not been under a disability from the alleged onset date through the date of the decision. (Dkt. 9-2, Pg ID 64).

### B. Plaintiff's Claims of Error

Plaintiff argues that the ALJ's decision of non-disability was reached by applying the incorrect legal standard and thus must be reversed. *Smith v. Bowen*, 826 F.2d 1120, 1121 (D.C. Cir. 1987); *Wiggins v Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982). (Dkt. 11, Pg ID 567). According to plaintiff, in an instance such as this, where a parent-claimant seeks in-care benefits for a deceased wage-earner's child, the in-care child must be under 16, or be disabled. *Id* (citing POMS RS 00208.005(A)). Plaintiff argues that the determination of whether the in-care child is disabled is to be made by applying the three-step disability analysis applied to individuals under the age of 18 (42 U.S.C. §1382c(a)(3)(C)(i)), not the five-step disability analysis applied to individuals over the age of 18 (42 U.S.C. § 1382c(a)(3)(A) and(B)), which the Commissioner used to analyze plaintiff. (Dkt. 11, Pg ID 568). Plaintiff contends that she meets the third prong of the three-step disability (marked or severe functional limitations due to physical or mental impairment) because she has marked limitations in acquiring and using information, attending and completing tasks, interacting and relating to others, caring for herself and providing for her health and physical well-being. (Dkt. 11, Pg ID 565-566).

### C. The Commissioner's Motion for Summary Judgment

The Commissioner contends that the Commissioner applied the correct legal

standard and that substantial evidence supports the ALJ's finding of non-disability. (Dkt. 13, Pg ID 582). The Commissioner argues that, contrary to plaintiff's assertion, the ALJ correctly applied the five-step disability analysis to plaintiff's claim. (Dkt. 13, Pg ID 589). According to the Commissioner, the three-step evaluation process applies only to claims filed under Title XVI of the Social Security Act, not to those, like this one, which were filed under Title II of the Act. (Dkt. 13, Pg ID 589-590). The Commissioner argues that the three-step disability analysis endorsed by plaintiff is wholly inapplicable to this case because it is the standard for entirely different benefits program than the one at issue here. (Dkt. 13, Pg ID 590).

Additionally, the Commissioner argues that the plaintiff's attempt to argue that substantial evidence supported a finding of disability must fail because the argument is largely undeveloped, with little citation to the record, regulations or case law. (Dkt. 13, Pg ID 591). The Commissioner argues that such a perfunctory argument should be deemed waived, citing *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to. . . put flesh on its bones."). *Id.*

The Commissioner argues further that even if the Court were to entertain

plaintiff's arguments, her claim would fail because the ALJ's finding of no disability was supported by substantial evidence. *Id.* The Commissioner contends that plaintiff has not established that she was more limited than the RFC articulated by the ALJ. The Commissioner argues that the record evidence demonstrates that plaintiff has some difficulties related to learning disorders, but that she nonetheless has performed fairly well in her academic program, had received her learning permit to drive, had friends, participated in her church youth group and played a variety of sports. She had no problems with self-care and performed chores around the house. She has worked as a "mother's helper" and a counselor-in-training, and helped her mother clean houses. (Dkt. 13, Pg ID 596). According to the Commissioner, an Agency physician found plaintiff to have no more than moderate limitations in mental functioning and capable of performing simple, low-stress, unskilled work. *Id.* A consultative examiner found plaintiff's attention to be adequate and her speech and language limitations no more than moderate. *Id.* The Commissioner concludes that, in combination, these facts amount to substantial evidence supporting the ALJ's RFC finding. (Dkt. 13, Pg ID 597). The vocational expert's testimony that an individual with plaintiff's RFC could perform jobs existing in significant numbers in the national economy provides substantial evidence that plaintiff is not disabled. *Id.*

D. <u>Plaintiff's Reply</u>

In her reply brief, plaintiff apparently abandons her argument that the ALJ employed the wrong legal standard in analyzing her disability claim. Instead, she argues, for the first time, that the ALJ erred by failing to account for plaintiff's moderate deficiencies in concentration, persistence and pace in the hypothetical posed to the vocational expert (VE). (Dkt. 14, Pg ID 602). According to plaintiff, this failure constitutes reversible error, *Ealy v.Commissioner of Social Sec.*, 594 F.3d 504, 516 -517 (6th Cir. 2010). *Id.* Plaintiff argues that the ALJ's hypothetical questions limiting work to "simple instructions, [and] only routine tasks" do not capture Plaintiff's moderate deficiencies in CPP, citing *Brown v. Comm'r of Soc. Sec.*, 672 F. Supp. 2d 794, 797 (E.D. Mich. 2009) (finding hypothetical with simple, routine tasks with one or two steps insufficient to capture moderate limitation in CPP); *Edwards v. Barnhart*, 383 F. Supp. 2d 920, 930-31 (E.D. Mich. 2005) (finding hypothetical with limit of simple and routine work insufficient); *Cheeks v. Comm'r of Soc. Sec.*, 690 F.Supp.2d 592, 602 (E.D. Mich. 2009).

E. The Commissioner's Reply/Sur-reply[1]

The Commissioner contends that plaintiff has waived her argument that her marked limitations in concentration, persistence and pace were not adequately addressed in the ALJ's hypothetical question to the VE because she raised it for the first time in her reply brief. *Newsome v. Comm'r of Soc. Sec.*, No. 13-14649, 2014 WL 5362456, at *8 (E.D. Mich. Sept. 24, 2014 (arguments raised for first time in a reply brief are waived). (Dkt. 15, Pg ID 613). Furthermore, the Commissioner argues that even if considered on the merits, plaintiff's argument regarding her limitations as to concentration, persistence and pace would fail. *Id*. First, the Commissioner emphasizes that, contrary to plaintiff's reference to her "marked" limitations, the ALJ found her CPP limitations to be moderate. *Id*. Second, the Commissioner contends that there is no bright-line rule requiring remand whenever an ALJ's hypothetical includes only a limitation to 'unskilled work' to address a moderate limitation in concentration. Rather, this Court must look at the record as a whole and determine if substantial evidence supports the ALJ's RFC. *Schalk v. Comm'r of Soc. Sec.*, 2011 WL 4406824, at *11 (E.D.

---

[1] Although the Commissioner styles this submission a sur-reply (seeking contemporaneous leave to file such a sur-reply brief), under E.D. Mich. Local Rule 7.1(e)(1)(C), the Commissioner is entitled to file a reply brief in support of its motion for summary judgment. Moreover, to the extent the Commissioner's submission is appropriately construed as a sur-reply brief, leave for its filing is granted because good cause exists to permit a party to file a sur-reply when, as is the case here, that party seeks to address an issue raised for the first time in the opponent's reply brief. *Geiger v. Pfizer, Inc.*, 271 F.R.D. 577 (S.D. Ohio 2010).

Mich. Aug. 30, 2011). According to the Commissioner, plaintiff here has failed to prove that the record as a whole does not support the ALJ's determination. (Dkt. 15, Pg ID 616).

## III. DISCUSSION

### A. Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the

record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc.*

11

*Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

    B.    <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq*.). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status, and to minor or disabled children of deceased qualifying wage earners; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984); 20 C.F.R. §404.350(a). While the two programs have different eligibility requirements, "DIB and SSI are available only

12

for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

13

> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion.

14

*McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

    C.    <u>Analysis</u>

        1.    <u>Correct Legal Standard</u>

Plaintiff alleges that the ALJ should have used a three-step sequential evaluation process to determine if plaintiff were disabled, arguing that this standard is one that is universally applied to claimants under the age of 18, irrespective of whether the claim was filed under Title II or Title XVI of the Act. *See* 42 U.S.C. § 1382c(a)(3)(C)(i). Contrary to plaintiff's argument, the standard referenced by plaintiff in her brief is the legal standard applicable only when a claim for disability benefits for a minor child has been filed pursuant to Title XVI of the Act. *See* 42 U.S.C. § 1382c(a)(3)(C)(i); 20 C.F.R. § 416.924. The claim at issue here is one for child's insurance benefits, filed pursuant to Title II of the Act. *See* 42 U.S.C. § 402(d)(1); *see also*, 42 U.S.C. § 402(g)(1). When determining if a child is entitled to child's insurance benefits, the five-step sequential evaluation process is used. *See* 20 C.F.R. § 404.1520(a)(2) ("These rules apply if you file an application for …child's insurance benefits based on disability."); 20 C.F.R. § 404.1520(a)(4)(outlining the five-step sequential evaluation process). The five-step sequential evaluation process was the correct standard to be applied in this case. Hence, the ALJ applied the correct legal standard.

2.  Substantial Evidence

In her initial brief, plaintiff argues only that the ALJ applied the wrong legal standard. (Dkt. 11). Plaintiff cites, in a rudimentary fashion, to factual support in the record regarding functional equivalency to a listed impairment, an element in the inapplicable analysis. *See* 20 C.F.R. § 416.926a. Nevertheless, medical equivalency for a Title II claim is a wholly different evaluation. 20 C.F.R. § 404.1526. Thus, plaintiff's initial brief does not advance even an inchoate argument that the substantial evidence of the record fails to support the ALJ's decision.

Plaintiff shifts gears in her reply brief, arguing there that the ALJ's RFC, and the derivative hypothetical posed to the VE, failed to account for plaintiff's moderate limitations in concentration, persistence and pace (CPP). (Dkt. 14). Nevertheless, as correctly asserted by defendant, arguments raised for the first time in a reply brief are waived. *Newsome v. Comm'r of Soc. Sec.*, 2014 WL 5362456 at *8 (E.D. Mich. Sept. 24, 2014) (citing *Martinez v. Comm'r of Soc. Sec.*, 2011 WL 1233479 at *2 (E.D. Mich. March 30, 2011)).

Moreover, even if the Court were to consider the merits of this argument, the specificity of the ALJ's mental RFC finding, and the fact that plaintiff has not identified any additional concentration-related limitations that the ALJ should have imposed, would result in a finding that the ALJ adequately accounted for

plaintiff's moderate CPP limitations. *See Newsome*, 2014 WL 5362456, at *10. Plaintiff argues that the ALJ's limitation to "simple unskilled tasks that do not involve reading or calculating" does not adequately address her moderate CPP limitations. (Dkt. 14, Pg ID 608). This is a frequently litigated issue in the Eastern District of Michigan. *See Newsome*, 2014 WL 5362456 at *9. Although, in certain situations, courts have held that limiting a claimant to merely "simple," "unskilled," or "routine" work is insufficient to address moderate CPP deficiencies, other courts have held that, under some circumstances, limitations like those imposed by the ALJ in the instant case adequately account for such deficiencies. *Id* (citing *Bohn–Morton v. Comm'r of Soc. Sec.*, 389 F.Supp.2d 804, 807 (E.D. Mich. 2005) ("unskilled" work limitation in RFC was sufficient to account for ALJ's finding that claimant "often" experiences issues with CPP) and *Edmunds v. Comm'r of Soc. Sec.*, 2010 WL 3633768, at *8 (E.D. Mich. Aug. 17, 2010) (substantial evidence supported ALJ's finding that claimant with moderate CPP deficiencies could perform "simple, routine, repetitive" work)). Quite simply, there is no bright-line rule requiring remand whenever an ALJ's RFC finding includes a limitation to "simple," "routine," or "unskilled work" but does not contain a more specific concentration-related limitation. *Id* at *10 (citing *Jones v. Comm'r of Soc. Sec.*, 2012 WL 4355532, at *9 (E.D. Mich. Sept. 24, 2012); *Caradine v. Comm'r of Soc. Sec.*, 2013 WL 388729, at *7 (E.D. Mich. Jan

11, 2013). Rather, the court must look at the record as a whole and determine whether substantial evidence supports the RFC. *Id* (citing *Jones*, 2012 WL 4355532 at \*9; *Caradine*, 2013 WL 388729 at \*7; *Lewicki v. Comm'r of Soc. Sec.*, 2010 WL 3905375, at \*3 (E.D. Mich. Sept. 30, 2010) ("There may be cases where such moderate limitations preclude the performance of even some simple, unskilled tasks. Plaintiff does not, however, explain why the facts of this particular case require a more detailed hypothetical question to adequately account for his own moderate limitations in concentration, persistence, or pace.")). Here, plaintiff, like her counterpart in *Newsome*, was not just limited to simple, routine, and repetitive tasks; rather, the ALJ's mental RFC finding contains additional, specific concentration-related limitations: simple, unskilled tasks *that do not involve reading or calculating*. (Dkt. 9-2, Pg ID 61) (emphasis added). The ALJ also required plaintiff's work environment to be in proximity to her coworkers yet those coworkers were not to depend upon plaintiff's work. (*Id*). Notwithstanding these restrictions, the VE testified to various jobs that plaintiff could perform which existed in the national economy. (Dkt. 9-2, Pg ID 63-64). Given the ALJ's specific nonexertional restrictions and plaintiff's failure to identify any CPP-related restrictions the ALJ should have imposed, the RFC adequately accounted for plaintiff's moderate CPP limitations.

    For all of the above reasons, and on an independent review of the entire

record, the Court concludes that the ALJ's decision is supported by substantial evidence.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, that the findings of the Commissioner be **AFFIRMED**, and that this matter be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 10, 2015                s/Michael Hluchaniuk
                                       Michael Hluchaniuk
                                       United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on November 10, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

                                       s/Durene Worth
                                       Acting in the absence of
                                       Tammy Hallwood, Case Manager
                                       (810) 341-7887
                                       tammy_hallwood@mied.uscourts.gov