UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Hannah R. Campbell,

    Plaintiff,

v.                                          Case No. 14-14455
                                            Honorable Sean F. Cox
                                            Magistrate Judge Michael J. Hluchaniuk

Commissioner of Social Security,

    Defendant.
_____/

## ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff brought this action seeking judicial review of the Commissioner of Social Security's determination that she is not entitled to child's insurance benefits for her mental health impairments under 42 U.S.C. § 405(g).[1] (Doc. #1).

Some time thereafter, Plaintiff and Defendant filed cross-motions for summary judgment. (Doc. #11 and Doc. #13). All proceedings in this case were referred to Magistrate Judge Michael J. Hluchaniuk pursuant to 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). (Doc. #2).

On November 10, 2015, Magistrate Judge Hluchaniuk issued a Report and Recommendation ("R&R") wherein he recommended that the Court DENY Plaintiff's Motion for Summary Judgment, GRANT Defendant's Motion for Summary Judgment, and AFFIRM the Commissioner's decision. (Doc. #16, R&R at 2). Plaintiff filed timely objections to the

---

[1] The Complaint specifically seeks "caregiver" benefits for Plaintiff's mother. However the success of such a claim depends entirely a finding that minor Plaintiff is disabled. Here, the ALJ determined that Plaintiff was not disabled.

1

November 10, 2015 R&R on November 24, 2015. (Doc. #17, Pl.'s Objs.). Defendant has not responded to Plaintiff's objections, and the time for such has passed.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. Fed. R. Civ. P. 72(b)(2). Objections must "(A) specify the part of the order, proposed findings, recommendations, or report to which a person objects; and (B) state the basis for the objection." E.D. Mich. LR 72.1(d). Objections are not "a second opportunity to present the argument already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004). Moreover, the district court should not consider arguments that have not first been presented to the magistrate judge. *See Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 785 (E.D.N.C. 2011).

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

Plaintiff's Motion for Summary Judgment sought to have this Court reverse the Administrative Law Judge's ("ALJ") conclusion that Plaintiff was not under a disability. Plaintiff's mother's entitlement to "child-in-care" benefits is dependant on this determination.

Specifically, Plaintiff argued that the ALJ applied the wrong legal standard in

determining that Plaintiff was not disabled. (Pl.'s Br. at 14). Plaintiff claimed that, when determining whether an in-care child is disabled, the ALJ was required to apply the three-step disability analysis applied to individuals under the age of 18, not the five-step disability analysis applied to individuals over the age of 18. *Id.* at 14-15.

Defendant cross-motioned for summary judgment, arguing that the ALJ applied the correct legal standard and that the ALJ's finding of non-disability was supported by substantial evidence.

The argument advanced by Plaintiff in her Reply centered on the ALJ's failure to "account for the 'marked' limitations in concentration, persistence or pace from which he determined Plaintiff suffered in the hypothetical questions he posed to the Vocational Expert..."[2] (Doc. # 14, Pl.'s Reply at 3). According to Plaintiff, this amounted reversible error, irregardless of the standard employed by the ALJ. *Id.* Additionally, Plaintiff's Reply disputed any claim that she waived this issue because it was not raised in her initial brief. Plaintiff stated that, in her initial brief, she argued that she was disabled in part because of limitations completing tasks.

Magistrate Judge Hluchaniuk recommended that the Court deny Plaintiff's motion and grant Defendant's motion for the following reasons: 1) the ALJ applied the correct legal standard in determining Plaintiff's disability status; 2) Plaintiff's argument that the ALJ failed to account for Plaintiff's moderate deficits in concentration, persistence, or pace ("CPP") in hypothetical questions posed to the vocational expert was improperly raised for the first time in her Reply brief, and has therefore been waived; and 3) even if Plaintiff's Reply argument was properly

---

[2] The Magistrate Judge noted that Plaintiff's Reply appears to have abandoned the argument that the wrong legal standard was employed in determining her disability claim.

raised, it fails on its merits because the ALJ adequately accounted for Plaintiff's moderate CPP limitations. (R&R at 16-17).

Plaintiff has lodged two objections to Magistrate Hluchaniuk's November 10, 2015 R&R. First, Plaintiff argues that the R&R incorrectly states that Plaintiff raised CPP arguments for the first time in her Reply brief. (Pl.'s Objs. at 2). Plaintiff asserts that the argument was properly raised in her initial brief. *Id.* Second, Plaintiff argues that the ALJ did not adequately account for her moderate CPP limitations. *Id.* at 2.

The Court finds that Plaintiff has not asserted any proper objections to the R&R. As explained below, Plaintiff's objections advance the same arguments that Magistrate Judge Hluchaniuk has already rejected without pointing to a specific deficiency in the Magistrate Judge's reasoning. Additionally, the Court agrees with the Magistrate Judge's analysis as to the issues challenged.

With respect to Plaintiff's first objection–whether the R&R incorrectly states that Plaintiff raised her CPP arguments for the first time in her Reply brief–Plaintiff's objection is improper because it is essentially a recitation of the argument raised in her Reply. (Pl.'s Reply Br. at 7). In responding to this argument, Magistrate Judge Hluchaniuk pointed out that the only argument advanced by Plaintiff in her initial brief pertained to the allegedly incorrect standard employed by the ALJ. Judge Hluchaniuk then notes that "Plaintiff shifts gears in her Reply brief, arguing that the ALJ's RFC, and the derivative hypothetical posed to the VE, failed to account for plaintiff's moderate limitations in concentration, persistence and pace (CPP)." (R&R at 16). The Magistrate Judge was correct in that Plaintiff's initial brief made no mention of the ALJ's inadequate account of her moderate CPP limitations. Thus, the issue was waived

4

by Plaintiff. *Newsome v. Comm'r of Social Sec.*, 2014 WL 5362456 at *8 (E.D. Mich. Sept. 24, 2014). This objection lacks merit for another reason: it fails to take into account the fact that the Magistrate Judge still considered the merits of Plaintiff's argument, despite the fact that he was not required to. (R&R at 16). For the reasons properly set forth in the R&R, Plaintiff's first objection is overruled.

With respect to Plaintiff's second objection, Plaintiff advances various reasons as to why she believes the ALJ did not adequately account for the moderate limitation in concentration, persistence and pace. Again, as explained above, this issue was not properly raised in Plaintiff's initial brief and has therefore been waived. As such, the Magistrate Judge was not required to address its merits. However, even if properly raised, Plaintiff's objection here amounts to nothing more than an inappropriate attempt to flesh out the argument already advanced before, and rejected by, the Magistrate Judge. (*See* Pl.'s Reply Br. at 3-10). In considering whether the ALJ's account was adequate, Magistrate Judge Hluchaniuk's properly concluded that "the specificity of the ALJ's mental RFC finding, and the fact that plaintiff has not identified any additional concentration-related limitations that the ALJ should have imposed, would result in a finding that the ALJ adequately accounted for plaintiff's moderate CPP limitations." (R&R at 16-17). The Magistrate Judge pointed out that:

> there is no bright-line rule requiring remand whenever an ALJ's RFC finding includes a limitation to simple, routine, or unskilled work but does not contain a more specific concentration-related limitation. Rather, the court must look at the record as a whole and determine whether substantial evidence supports the RFC. Here, **plaintiff, like her counterpart in *Newsome*, was not just limited to simple, routine, and repetitive tasks**; rather, the ALJ's mental RFC finding contains additional, specific concentration-related limitations: simple, unskilled tasks *that do not involve reading or calculating*. The ALJ also required plaintiff's work environment to be in proximity to her coworkers yet those coworkers were not to depend upon plaintiff's work. Notwithstanding these restrictions, the VE

>testified to various jobs that plaintiff could perform which existed in the national economy.

(R&R at 18) (internal citations and quotations omitted) (emphasis added in bold text only, italics in original). Plaintiff has not properly pointed to a specific deficiency in the Magistrate Judge's reasoning. Nor has Plaintiff shown how the ALJ's decision is not supported by substantial evidence. Thus even assuming Plaintiff's objection was properly before the Court, and assuming this issue had not been waived, Plaintiff's second objection is overruled for the reasons properly set forth in the R&R.

## ORDER

For the reasons set forth above, IT IS ORDERED that the Court **ACCEPTS AND ADOPTS** the November 10, 2015 R&R. IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is **DENIED**, Defendant's Motion for Summary Judgment is **GRANTED**, and this case shall be **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

             S/Sean F. Cox
             Sean F. Cox
             United States District Judge

Dated: February 8, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 8, 2016, by electronic and/or ordinary mail.

             S/Jennifer McCoy
             Case Manager